**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **C.H. ROBINSON COMPANY, et al.,** | : | **Case no. 1:06cv1789** |
| | : | |
| **Plaintiffs,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **PAOLO VOLPE & SONS, INC., et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**<u>TEMPORARY RESTRAINING ORDER</u>**

Before the Court is a motion filed by Plaintiffs C.H. Robinson Company and Cleveland

Growers Marketing Co. for an *ex parte* temporary restraining order and preliminary injunction

pursuant to Rule 65(b) of the Federal Rules of Civil Procedure (Doc. 4).  Pursuant to Rule 65(b), a

temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly

appears from specific facts shown by affidavit or verified complaint that immediate and irreparable

injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the

applicant's attorney certifies the reasons that notice should not be required.

In this case, Plaintiffs have submitted affidavits of David Goldberg, branch manager of plaintiff

C.H. Robinson Company's Pittsburgh produce branch office, and Ted Copeland, Chief Executive

Officer of the plaintiff Cleveland Growers Marketing Company.  Those affidavits show specific facts

that immediate and irreparable injury, loss or damage will result from dissipation of assets subject to

the statutory trust established by the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499, and that such immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition.  In addition, Plaintiffs have submitted an Attorney Certification Why Notice Should Not Be Given (Doc. 6), which the Court finds in compliance with Rule 65(b).

**IT IS HEREBY ORDERED THAT:**

1.      Defendants Paolo Volpe & Sons, Inc., Gregory L. Volpe, Louis A. Volpe, Jr., and Anthony J. Volpe, Jr. (collectively, "Defendants"), and their officers, agents, servants, employees, attorneys, and financial institutions, and all persons acting in concert with said Defendants, are enjoined and restrained from dissipating, paying, transferring, assigning, or selling any and all assets covered by or subject to the trust provisions of PACA without agreement of Plaintiffs, or until further order of this Court.  Under §499e(c)(2) of PACA, the assets subject to this order include any and all funds, monies and/or liquidated interests of any type whatsoever now in their possession or under their control, as well as any and all funds and/or monies hereafter received, derived in whole or in part, from the sale of perishable agricultural commodities.  Provided however, Defendants may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Defendants maintain the proceeds of such sale subject to this Order.

2.      This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3.      The $351,719.80 in PACA trust assets belonging to Plaintiff and in the possession of the Defendant will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

2

4.      This Temporary Restraining Order is entered this 27th day of July, 2006 at 12:00 p.m.

5.      A hearing on Plaintiff's Motion for Preliminary Injunction is set for the 3rd of August, 2006 at 10:00 a.m. before Judge Kathleen O'Malley, Room 16A, U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio.

6.      Plaintiff shall forthwith serve Defendants, or their resident agent, or their counsel, with a copy of this Order.


**IT IS SO ORDERED.**

**s/Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 27, 2006**